MC-275

Name: Hari Singh Sran
Address: C.S.P. / 1EO1-193 low
P.O. Box 3456
Corcoran, CA. 93212-3456
CDC or ID Number: V-78136

FILED
2008 FEB 13 PM 4:09
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____

FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO
Court ✓  ProSe ___

United States District Court
"Southern District of California"
(Court)

In Re Hari Singh Sran
Petitioner
On  vs  Habeas Corpus
D. Adams, Warden
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

'08 CV 0273 LAB LSP
(To be supplied by the Clerk of the Court)

(Super. Ct. # OSCRWR677740)
Dept. 98B

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form before answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6
Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]
PETITION FOR WRIT OF HABEAS CORPUS
Penal Code, § 1473 et seq.
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

MC-275

This petition concerns:

☒ A conviction   ☐ Parole

☒ A sentence   ☐ Credits

☐ Jail or prison conditions   ☐ Prison discipline

☐ Other (specify): _Not Applicable_

1. Your name: _Hari Singh Sran_
2. Where are you incarcerated? _Corcoran State Prison, Corcoran_
3. Why are you in custody? ☒ Criminal Conviction   ☐ Civil Commitment

Answer subdivisions a. through i. to the best of your ability.

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon")

_Felony DUI, Enhancement → Great bodily injury_

b. Penal or other code sections: _23153(b), 12022.1_

c. Name and location of sentencing or committing court: _1100 Van Ness Ave., Fresno, CA. 93724-0002_ _Fresno County Superior Court_

d. Case number _F04901163-6_

e. Date convicted or committed: _April 29th, 2005_

f. Date sentenced: _April 29th, 2005_

g. Length of sentence: _5 years_

h. When do you expect to be released? _May 27th, 2008_

i. Were you represented by counsel in the trial court? ☒ Yes.   ☐ No. If yes, state the attorney's name and address:

_Last Attorney of six: J.M. Irigoyen, 2131 Amador St., Fresno, CA. 93721_

4. What was the LAST plea you entered? (check one)

☐ Not guilty   ☐ Guilty   ☒ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have? — _Not Applicable_

☐ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6. **GROUNDS FOR RELIEF**                                                                MC-275

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Violation of Sixth Amendment, The right to effective assistance of Counsel

a. **Supporting facts:**
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

The defendant was involved in a traffic accident resulting in two injured persons. Upon testing of blood, authorities charged petitioner with DUI w/injury. 23153(b) and 12022-1. Blood was only tested once, providing inconsistant results. Councel failed to follow up on re-testing or investigate issues given by petitioner and his family. If this was done, councel could have proven that the petitioner's diabetes and meds. can show a false positive for alchohol on a blood test. Also Attorney failed to explain the difference between a "guilty" plea, and a "no contest" plea. Petitioner pleaded "no contest" not understanding its meaning. Petitioner only speaks and understands partial English. Counsel also told me I would get two years, and not five

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Strickland vs. Washington (1984) 466 US 668, 80 L Ed 2d, 674, 104 S.Ct. 2052, Hill vs. Lockhart (1985) 474 US 52, 88 L Ed 2d, 203 106 S.Ct. 366, Baylor vs. Estelle (9th Cir 1996) 94 F3d 1331, Eggleson vs. U.S. (9th Cir 1986) 798 F2d, 374

7. Ground 2 or Ground _____ (if applicable):

MC-275

Violation of Due Process, Sufficiency of evidence to support plea/ violation of guilty plea.

a. Supporting facts:

The evidence used to consider the plaintiffs guilt was questionable. Given the inconsistancy of the admitted evidence (blood test), a second independant test was requested by defense, but strongly denied, which resulted in this miscarriage of justice, and the denial of due process, a violation of the 8th, and 14th ammendment. When alternative theories of liabilities are presented, a general verdict is valid as long as the evidence is sufficient to support one of those theories. The court did unduly restrict defenses councils' presentation of evidence. An appellant court reviews any ruling by a trial court as to the admissibility of the evidence for abuse of discretion. The question is, did the court perform its duty in weighing the probative value against prejudice, under evidence code §352. Furthermore, council told me I would plead to 2 years, when it was actually five

b. Supporting cases, rules, or other authority:

Jackson vs. Virginia (1979) 443 US 307, 61 L Ed. 2d 560 (99 S. Ct. 2781, Martineau vs. Angelone (9th Cir 1994) 25 F 3d 734, Mikes vs Borg (9th Cir 1991) 947 F2d 353, 356, Gordon vs. Duran (9th Cir 1990) 895 F2d 610, 612

MC-275

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No. If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
   _Court of Appeal for the Fifth Appellate District_
   b. Result _Denied_   c. Date of decision: _January 20th, 2006_
   d. Case number or citation of opinion, if known: _F048166_
   e. Issues raised: (1) _Violation of Sixth ammend. Right to effective Councel_
   (2) _Violation of Due Process_
   (3) _Violation of Fourteenth Ammendment_
   f. Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known:
   _Deborah Prucha, 2407 "J" St. Suite 301, Sacramento, CA. 95816_

9. Did you seek review in the California Supreme Court? ☒ Yes ☐ No. If yes, give the following information:
   a. Result _Denied_   b. Date of decision: _June 14th, 2006_
   c. Case number or citation of opinion, if known: _Unknown_
   d. Issues raised: (1) _Violation of Sixth ammend._
   (2) _Violation of Due Process_
   (3) _Violation of Fourteenth ammend._

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    _Not Applicable_

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    _Not Applicable_

    b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.
    Attach documents that show you have exhausted your administrative remedies.

MC-275 [Rev. January 1, 2007]   **PETITION FOR WRIT OF HABEAS CORPUS**   Page 5 of 6

A-5

MC-275

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13.   ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _Superior Court of California/County of Fresno_
    (2) Nature of proceeding (for example, "habeas corpus petition"): _Habeas Corpus Petition_
    (3) Issues raised: (a) _Sixth ammend._
        (b) _14th ammend._
    (4) Result (Attach order or explain why unavailable): _Petition Denied_
    (5) Date of decision: _January 14th, 2006_
   b. (1) Name of court: _Court of Appeal, 5th appellate District_
    (2) Nature of proceeding: _Habeas Corpus Petition_
    (3) Issues raised: (a) _Sixth ammend._
        (b) _14th ammend_
    (4) Result (Attach order or explain why unavailable): _Petition denied (attached)_
    (5) Date of decision: _May 04, 2006_
   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
    _N/A_

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See _In re Swain_ (1949) 34 Cal.2d 300, 304.)
    _N/A_

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
    _N/A_

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _02/04/08_                                   _How S [signature]_

MC-275 [Rev. January 1, 2007]           PETITION FOR WRIT OF HABEAS CORPUS           Page 6 of 6

A 6

GROUND ONE:

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF INEFFECTIVE ASSISTANCE OF COUNSEL

The burden of proving a claim of ineffective assistance of counsel is on the defendant. He must show his counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates. **People v. Pope (1975) 23 Cal. 3d 412,425: People v. Hernandez (1979) 96 Cal. App. 3d 856.**

Defendant must overcome the "Strong presumption that counsels' conduct falls within the range of reasonable professional assistance." **Strickland v. Washington, (1984) 466 U.S. 668, 689; People v. Humphries (1986) 185 Cal. App. 3d 1315, 1341.**

In addition, he must establish that counsels acts or omissions resulted in the withdrawal of a potentially meritorious defense. When withdrawal of a defense is not claimed, a [Defendant] may also show Ineffective Assistance of Counsel by proving (1) That his counsel failed to perform with reasonable competence, and (2) That it is reasonably probable a more favorable result would have been obtained in the absence of counsel's failings. **People v. Fosselman (1983) 33 Cal. 3d 572, 584.** The defense has the affirmative duty to demonstrate the acts or ommissions cannot be explained on the basis of any knowledgeable choice of tactics. **People v. Pope, Supra, at p. 425.** Also, see **People v. Barton, Supra,** and **People v. Lang, (1974) 11 C3d 134, 139, 113, CR 9,12,** Where counsel may not aurgue the case against his client, in Barton, yet the barton court further noted that the adequacy of appointed appellate counsel is measured by how well he or she performs specific duties imposed by the constitution and not by the "Farce and Sham" standars then used and measured by competent trial attorneys. In **People v. Ibarra (1963) 60 C2d 460, 464, 34 CR 863, 866;** The Ibarra "Farce and Sham" standard has been abandoned and replaced by a test which determines whether trial counsel provided reasoanble competent assistance, acting as a conscientious, diligent advocate. See **People v. Frierson (1979) 25 C3d 142, 158 CR 281.**

10.

The state and federal constitutions guarantee a criminal defendant the right to effective assistance of counsel. **MaMann v. Richardson 397 U.S. 759 (1970); People v. Pope (1979) 23 Cal. 3d 412.** As the Ninth Circuit has expressed, the Sixth Amendment right to counsel is meaningless unless counsel is competent. See **United States v. Tucker, 716 F. 2d 125, 127 (9th Cir. 1983) 716 F. 2d 576, 579.** Defense counsel is required to <u>investigate all possible defenses</u>, research applicable law, make an informed recommendation to the client regarding the appropriate strategy, and present that strategy on behalf of the client. See, e.g., **People v. Ledesma (1987) 43 Cal. 3d 171, 222.** Since "Investigation and preparation are the keys to effective representation," (Id. at 222) counsel has a duty to interveiw potential witnesses and "Make an independant examination of the facts, circumstances, pleadings and the laws involved." **Von Moltke v. Gillies 332 U.S. 708, 721.**

> It the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilty or the accused's stated desire to plead guilty.

**Ammerican Bar Association, Standards for Criminal Justice (2d Ed., 1980), Standard 4-4.1. Duty to investigate, Commentary, at 453.**

The defense acknowledges that it has the burden of proving, by clear and convincing evidence, that there are grounds to withdraw the plea. **People v. Nance (1991) 1 Cal. App. 4th 1453.** In this case, the defense meets and exceeds this burden of proof, demonstrated that the defendant was denied the effective assistance of counsel. **Mr. Sran told his retained lawyer about his illness diabetes--and his desire to have the blood draw re-tested. Yet, his previous and present attorney's took no steps to investigate this fact.**

**GROUND TWO:**

### POINTS AND AUTHORITIES IN SUPPORT OF VIOLATION OF GUILTY PLEA

The infliction of punishment in violation of a negotiated plea is a violation of the due process of law. The 8th and 14th Amendment to the United States Constitution: California penal code, § 1192.5.

The United States Supreme Court established standards for negotiated pleas in Boykin v. Alabama (1969) 395 U.S. 238, 89 S. Ct. 1703, 23 L. 2d 274. In Boykin, Supra:

> The court held that a guilty plea would not be accepted unless there was affirmative evidence that the plea was not only voluntary, but further concluded that the trial court must use the upmost solicitude in canvassing the matter with the accused to make sure he has full understanding of what the plea connotes and of its consequences. **Boykin v. Alabama, Supra, at 243-44.**

In light of such standards the federal courts have time and again vacated or forced compliance with pleas when defendants have been able to show that they have been unfairly subjected to punishment in excess of that bargained for through the plea negotiation. Where a promise is "Unfulfilled," specifically denies that the plea "Must stand." **Brady v. United States** (1970) 397 U.S. 742, 755 90 S. Ct. 1463, 25 L. Ed. 2d 747, 760. Petitioner brings to the court just such a violation of the plea entered into as the result of negotiation and good faith on the part of petitioner.

Petitioner did enter into a plea as the result of a specific understanding as to conditions which have not been violated subjecting petitioner to more onerous punishment then that plead to.

In a series of cases, perhaps lead by the United States Supreme Court decision in **Santobello v. New York** (1971) 404 U.S. 257, 92 S. Ct. 495, 30 L. ed. 2d 427, negotiated pleas and the issues of complaince of same have been determined to be mandatory.

> "When a plea rests in any significant degree on a promise of agreement of the prosecutor, so that it can be said to be a part of the inducment or consideration, such a promise "Must be fulfilled" (emphasis added) **Santobello v. New York, Supra, at 262.**

12   9

In the spirit of Santobello, supra federal courts have time and again required compliance with negotiated pleas, even to the point of striking stautory mandate of parole. IN **United States ex rel Baker v. Finkbeiner (1977) 551 F. 2d 180,** Where a defendant had entered into a negotiated plea of guilty for a specific sentence and was neither informed prior to or during the bargaining session, nor at the sentencing proceeding that parole was statutory required penalty to be part of the sentence, the court stated:

> We do not find the imposition of two years parole terms to be an insignificant punishment. We therefore hold that Baker's guilty plea was unfairly induced in violation of the due process clause. **Baker v. Finkbeiner, Supra, at 184.**

With regard to the question of remedy and necessity to set right this violation of the due process clause, the Baker court went on citing Santobello, Supra at 184.

> Under the circumstances of the case it would be unjust to simply vacate the guilty plea, which theoretically would allow the state to reindict Baker. Since he has already performed his side of the bargain, fundamentals fairness demands that the state be compelled to adhere Santobello, supra at 265.

Likewise, in **United States ex rel Ferris v. Finkbeiner, (1977) 551 F. 2d 185,** Where the trial court "Uniformed and misinformed" defendant, the court therein stated at page 187;

> "Since Ferris has substantially begun perfoming his side of the bargain it would not be fair to vacate the plea and require him to go through the procedure anew. Fundamental fairness can be had by limiting his term of custody to that portion of the sentence which comports with the bargain made."

Further, in UNited States ex rel Johnson v. Deroberts, (1982) 541 F. Supp. 547, where the state argued that the plea negotiations "Yielded no agreement" and therefore johnson entered his plea without a justified expectation of a specific sentence and was not deprived of any bargain, the court rejected such argument and voided the attatched punishment which violated the plea and stated at page 550;

> " Baker established that the trial judge is bount to a plea
> bargain when it participates in the plea negotiation process and
> ratifies the resulting agreement. A defendant who plead guilty in reliance
> on such agreement cannot be sentenced to a term longer than he was
> promised. In the present case, the trial judge virtually sealed the plea
> by disclosing the sentence he would impose once the petitioner pleaded
> guilty. The disclosure obviated the need for further negotiations
> between the states attorney and defense counsel. If a trial court
> is bound by an agreement it ratifies, it is surely bound by an agreement
> it authors.: (emphasis added) United States ex rel Johnson v. Deroberts,
> Supra at 550, see also fn.5.

California courts have long recognized and established standards for the use of negotiated pleas. California Penal Code, § 1192.5.

> "Where such a plea is accepted by the prosecuting attorney in open court
> and is approved by the court, the defendant, can not be sentenced on
> such to a punishment more severe then that specified in the plea and
> the court may not proceed as to such plea other than as specified
> in the plea." (emphasis added) California penal code § 1192.5.

Absent serious misrepresentation by the defendant in obtaining a plea bargain, such as fraud in negotiating the plea, california authority establishes entitlement to the terms bargained for or if said plea is violated, to withdraw the plea or in having its conditions enforced. **People v. FLores, (1971) 6 Cal. 3d 305; People v. Johnson (1974) 10 Cal. 3d 868; In re Lawyer (1979) 23 Cal. 3d 190.; People v. Calloway (1981) 29 Cal. 3d 666, People v. Mancheno (1982) 32 Cal. 3d 855.; People v. Newton, (1974) 42 Cal. App. 3d 292:** and California Penal Code § 1192.5. In striking down imposed punishment more onerous then that negotiate and plead to the court applied the due process violation rule upon rationale that the exports, i.e., the courts and prosecuting attorney are/or should be aware at the time of the "deal making" precisely what the understanding of defendant is or that a mandatory rule applies whereas the defendant's is often ignorant of that fact.

> "Under the circumstances, we hold that in entering his plea
> defendant bargained with recognized authorities for a sentence
> of no more than five years to life and that he must be given
> the benefit of his plea bargain.
> (emphasis added) **People v. Flores, supra at page 824.**

14.

HC05CRWR677740-DRFjr-cm

FILED
JAN 14 2006
FRESNO COUNTY SUPERIOR COURT
By _____
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

CENTRAL DIVISION

| | |
|---|---|
| In re | ) No. 05CRWR677740   Dept. 98B |
| HARI SINGH SRAN, | ) |
|   | ) ORDER |
|   Petitioner | ) |
| On Habeas Corpus. | ) |

      Having considered the petition for writ of habeas corpus dated January 5, 2006 and filed on January 10, 2006, the court finds that existing evidence does not justify the requested relief. The petition is primarily based on information contained in the trial record, such issues are to be raised by way of appeal, an appeal has been filed, petitioner was given the opportunity to address his concerns with the Fifth Appellate District, court records indicate that petitioner did file a response to his counsel's *Wende* brief, and this matter is still before the court of appeal. Under these facts, intervention by this court is not warranted at the present time. (Cf. *People v. Superior Court (Gregory)* (2005) 129 Cal.App.4th 324, *In re Robbins*

/////

1 | (1998) 18 Cal.4th 770, *In re Clark* (1993) 5 Cal.4th 750, and *Ex*
2 | *parte Dixon* (1953) 41 Cal.2d 756.)
3 |     The petition is denied.
4 |     DATED this _____ day of January, 2006.

                                    _____
                                    DONALD R. FRANSON, JR.
                                    Judge of the Superior Court

ORIGINAL

IN THE

Court of Appeal of the State of California

IN AND FOR THE

Fifth Appellate District



COURT OF APPEAL
FIFTH APPELLATE DISTRICT
FILED

MAY 0 4 2006

LEISA V. BIGGERS, CLERK/ADMINISTRATOR
By_____ Deputy

| | |
|---|---|
| In re<br>HARI SINGH SRAN,<br><br>On Habeas Corpus. | F050221<br>(Fresno County Sup. Ct. No. F04901163-6) |

BY THE COURT:*

The petition for writ of habeas corpus filed in this court on April 25, 2006, is denied.

_____ Acting Presiding Justice

*Before Harris, Acting P.J., Cornell, J. and Dawson, J.

S143611

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re HARI SINGH SRAN on Habeas Corpus

Petition for writ of habeas corpus is DENIED.

SUPREME COURT
F I L E D
JUN 1 4 2006
Frederick K. Ohlrich Clerk
_____
DEPUTY

GEORGE
_____
Chief Justice

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Hari Singh Sran

**DEFENDANTS**

2254 ✓
1983

FILING FEE PAID
Yes ___   No ✓

IFP MOTION FILED
Yes ___   No ✓

COPIES SENT TO
Court   ProSe

D. Adams, Warden

FILED
2008 FEB 13 PM 4:13
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   Kings
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Hari Singh Sran
PO Box 3456
Corcoran, CA 93212
V-78136

**ATTORNEYS (IF KNOWN)**

'08 CV 0273 LAB LSP

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE   Docket Number

DATE   February 13, 2008

SIGNATURE OF ATTORNEY OF RECORD
R. Muller