1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

HARI SINGH SRAN,

12

Petitioner,

13

vs.

14

D. ADAMS, Warden

15

Respondent.

Civil No.    08-0273 LAB (LSP)

**ORDER TRANSFERRING ACTION
TO UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF CALIFORNIA**

16
17
18
19
20

Petitioner is a state prisoner proceeding pro se with a habeas corpus action filed pursuant to 28 U.S.C.A. § 2254 (West Supp. 2007).  Petitioner has a filed a motion to proceed in forma pauperis.  Upon reviewing the petition, the Court finds that this case should be transferred in the interest of justice.  Thus, this Court does not rule on Petitioner's in forma pauperis status.

21
22
23
24
25
26
27
28

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973).  Petitioner is presently confined at Corcoran State Prison, located in Kings County, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b).  Petitioner's state court conviction occurred in Fresno County Superior Court, which is also located within the jurisdictional boundaries of the United States District Court for the Eastern District of

1  California. *See id*.  Thus, jurisdiction exists in both the Eastern District, not in the Southern

2  District.

3  Although this Court does not have jurisdiction over the action, "[u]nder a provision of

4  the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of

5  jurisdiction the court shall transfer the action to any other such court in which the action could

6  have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th

7  Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)).  The Ninth Circuit

8  has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will

9  be in the interest of justice because normally dismissal of an action that could be brought

10  elsewhere is "time-consuming and justice-defeating."  *Miller*, 905 F.2d at 262 (quoting

11  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).  Therefore, pursuant to 28 U.S.C. § 1631,

12  this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.

13  § 2241(d).

14  When a habeas petitioner is challenging a state court conviction, the district court of the

15  district in which the state court conviction took place is a more convenient forum because of the

16  accessibility of evidence, records and witnesses.  Thus, it is generally the practice of the district

17  courts in California to transfer habeas actions questioning state court convictions to the district

18  in which the state court conviction took place.  Any and all records, witnesses and evidence

19  necessary for the resolution of Petitioner's contentions are more readily available in Fresno

20  County.  *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can, of course, transfer

21  habeas cases to the district of conviction which is ordinarily a more convenient forum).

22  Therefore, in the furtherance of justice,

23  **IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States

24  District Court for the Eastern District of California.  *See* 28 U.S.C. § 2241(d).

25  / / /

26  / / /

27  / / /

28  / / /

1

    **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order

2  upon Petitioner and upon the California Attorney General.

3  DATED:  February 20, 2008

4

5

6  **HONORABLE LARRY ALAN BURNS**
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28